[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this limited dissolution matter, there is one minor child issue of a marriage which occurred in June of 1988. The parties separated in February of 1991.
The court finds that the jurisdictional requirements have been met and that the marriage has broken down irretrievably. It is therefore dissolved.
The defendant-wife is awarded custody of the minor child and the plaintiff-husband shall enjoy reasonable visitation. As the parties cannot agree on this, the court is left to fashion the order. The child is just over two years old and extensive periods away from home do not seem appropriate. The mother proposes every other Sunday. This is too little in the court's view. The father shall be allowed to see the child on alternating Saturdays or Sundays from 10:00 a.m. to 5:00 p. m. Overnights can be implemented when the child is older and accustomed to the visitation — which has been virtually nonexistent.
Child support is ordered at the rate of $85.00 per week, a deviation from the guidelines occasioned by the plaintiff's having custody of two minor children issue of a prior marriage. The plaintiff shall also carry health insurance for the benefit of the CT Page 7145 minor child. Uncovered and unreimbursed medical expenses of the child shall be allocated and paid two-thirds by the plaintiff and one-third by the defendant. This is proper in view of the disparity in incomes of the parties. Section 46b-84c shall apply to this coverage.
The defendant is awarded the personal property listed on the Schedule A filed with the court.
The court finds the plaintiff is in arrears on court ordered alimony and support payments in the amount of $1,430.00 and this sum is ordered repaid at the rate of $25.00 per week.
The plaintiff shall be responsible for and hold the defendant harmless on the bills owed the New Haven Medical Group and Yale New Haven Hospital.
The child support and arrearage payments shall be collected via an immediate wage execution.
The defendant may resume her maiden name of "Frasier."
In view of the length of the marriage, no alimony will be ordered.
Sections 46b-81 and 82 have been considered in formulating these orders.
Anthony V. DeMayo, Judge.